■ In the Matter of the Arbitration between HOYT TANNER, Respondent, and CITY OF NEW YORK, Appellant.—Order and judgment (one paper), Supreme Court, New York County, entered January 30, 1978, which, *inter alia,* denied respondent the City of New York's cross motion to vacate an arbitrator's award, unanimously reversed, on the law, and the cross motion granted, without costs or disbursements. Petitioner, a New York City policeman, was alighting from his police vehicle on April 12, 1976 in an effort to apprehend an auto thief, when the thief crashed the stolen vehicle into the police car, injuring petitioner. One year later, on April 13, 1977, petitioner served upon the City of New York a demand to arbitrate his uninsured motorist's claim, which demand contained, *inter alia,* the following: "Please Take Notice that the filing party, *a party to an Insurance Policy* providing for protection against loss due to personal injuries sustained in accidents involving Uninsured or Hit-and-Run Motorists which provides for arbitration of disputes arising thereunder * * * hereby demands arbitration thereunder" (emphasis supplied). The policy was identified as being issued by the city as a self insurer and bearing number "Compt #T368038." Also, the notice stated that unless the city applied for a stay of arbitration within 10 days, the city would be precluded from contending that a valid arbitration agreement was not made or has not been complied with. No application for a stay was filed by the city and an arbitration hearing was held on August 2, 1977, where the city objected to the arbitration process, pointing out that subdivision a of section 601 of the Insurance Law specifically excludes police vehicles from the provisions of the Motor Vehicle Accident Indemnification Law (Insurance Law, art 17-A). The arbitrator rejected this argument on the basis that the city had never sought to stay the arbitration and awarded petitioner $10,000. We are confronted on this record with an issue of public policy significance. The compulsion to arbitrate which is being relied upon by petitioner has its inception in the

legislative enactments aimed at providing recompense to persons injured by uninsured motorists (Insurance Law, § 167, subd 2-a and art 17-A). It should be noted that subdivision 2-a of section 167 and subdivision a of section 605 of the Insurance Law were amended by the Laws of 1965 (ch 322, §§ 2, 3, eff July 1, 1965), to provide that in policies issued or renewed on or after July 1, 1965, the so-called uninsured motorist endorsement shall contain a provision that the insurer, rather than MVAIC as formerly, will pay to the insured all the required sums on account of injury to or death of the insured which the insured would be entitled to recover as damages from an owner or operator of an uninsured motor vehicle, a stolen vehicle, etc. Subdivision a of section 601 of the Insurance Law specifically excludes "police vehicles" from the definition of "Motor vehicles" as used in article 17-A. Consequently, there is no statutory authorization for the invocation by petitioner of the arbitration process against the City of New York. As aptly recognized in *Matter of Durant v MVAIC* (20 AD2d 242, 247-248), "The endorsement is not a private contract, fully negotiated by carrier and insured; a supervening public interest modifies its terms in keeping with public policy *(Teeter v. Allstate Ins. Co.,* 9 A D 2d 176, affd. 9 N Y 2d 655) * * * Unless the delegation of power to vary or amend statutory provisions is explicitly conferred by the Legislature or an administrative board or official, the exercise of the power is ineffective [citations]." As the statute excludes police vehicles from the definition of motor vehicles, the arbitrator cannot under the guise of construction of the insurance contract make a new contract for the parties so as to afford protection not statutorily authorized (cf. *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377). Parenthetically, note is taken of section 394a-1.0 of the Administrative Code of the City of New York which provides for the manner in which a claim may be asserted against the city in "every action or special proceeding" (see *Bernreither v City of New York,* 123 App Div 291; see, also, *Matter of Strauss v Reid,* 197 Misc 346, 349). Concur—Lupiano, J. P., Silverman, Fein, Sandler and Sullivan, JJ.