OPINION OF THE COURT
Irving Kramer, J.
Upon the foregoing papers, the application of the petitioner, Manhattan and Bronx Surface Transit Operating Authority (Transit Authority), for an order staying the arbitration of an uninsured motorists claim commenced by the respondent is denied.
It is undisputed that the Transit Authority, in compliance with subdivision 1 of section 370 of the Vehicle and Traffic Law and subdivision 2-a of section 167 of the Insurance Law is required to provide uninsured motorists coverage (Matter of New York City Tr. Auth. [Thom], 70 AD2d 158, affd 52 NY2d 1032). The petitioner admits that it is required to provide uninsured motorists coverage in the amount and in the form provided for in subdivision 2-a of section 167 of the Insurance Law. However, petitioner argues that it has never consented to arbitrate this claim and that it is not required to do so by statute.
The court disagrees with the petitioner. Subdivision 2-a of section 167 of the Insurance Law provided that all automobile liability insurance policies contain an uninsured motorists coverage provision, “subject to the terms *615 and conditions set forth therein to be prescribed by the board of directors of the Motor Vehicle Accident Indemnification Corporation and approved by the superintendent”.
Pursuant to such statutory direction, terms and conditions were prescribed by the board of directors of the Motor Vehicle Accident Indemnification Corporation and approved by the superintendent for inclusion in the uninsured motorists coverage indorsement of the standard automobile liability policy. One of these terms and conditions was the right to arbitrate. Without a doubt, it was the intent of the Legislature that all claimants entitled to uninsured motorists coverage be treated the same, regardless of whether they were dealing with a self-insurer or an insurer. Moreover, it is the court’s opinion that the right to arbitrate an uninsured motorists claim may be inferred from the decisions in Matter of New York City Tr. Auth. (Thom) (supra). Although in that case the issue of arbitration was not raised, Supreme Court at Special Term, Kings County, denied a stay of arbitration. The judgment was unanimously affirmed by the Appellate Division, which was then affirmed by the Court of Appeals. (See, also, New York City Tr. Auth. v Ferrier, Supreme Ct, Kings County, Index No. 10524/81, in which a stay of arbitration was denied under similar facts.)