In the Matter of MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant, v SAMUEL EVANS, Respondent.

Second Department, October 11, 1983

**APPEARANCES OF COUNSEL**

*Richard K. Bernard* (*Lawrence A. Silver* and *Peter Shaw* of counsel), for appellant.

*Bertram Herman, P. C.,* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

On August 2, 1981, respondent was a passenger on a Manhattan and Bronx Surface Transit Operating Authority (hereafter MABSTOA) bus which was involved in a collision with an uninsured motor vehicle. Respondent sought to arbitrate his claim for personal injuries resulting therefrom and submitted a demand for arbitration, dated May 27, 1982, to MABSTOA and the American Arbitration Association. MABSTOA thereupon commenced this proceeding pursuant to CPLR 7503 to stay arbitration on the ground that respondent's demand was improper. In its petition and reply affirmation, MABSTOA contended that as a self-insurer, it was not required to arbitrate respondent's claim inasmuch as self-insurers are not required by statute to arbitrate uninsured motorists claims. Moreover,

MABSTOA contended that it had never consented to arbitrate and that an order requiring compulsory arbitration in this situation would, in effect, improperly extend the jurisdiction of the Motor Vehicle Accident Indemnification Corporation and constitute a denial of due process by requiring self-insurers to obey a requirement of which they have received no statutory notice.

In the judgment appealed from, Special Term denied the application to stay arbitration (117 Misc 2d 614), stating in pertinent part (pp 614-615):

"It is undisputed that the Transit Authority, in compliance with subdivision 1 of section 370 of the Vehicle and Traffic Law and subdivision 2-a of section 167 of the Insurance Law is required to provide uninsured motorists coverage (*Matter of New York City Tr. Auth.* [*Thom*], 70 AD2d 158, affd 52 NY2d 1032). The petitioner admits that it is required to provide uninsured motorists coverage in the amount and in the form provided for in subdivision 2-a of section 167 of the Insurance Law. However, petitioner argues that it has never consented to arbitrate this claim and that it is not required to do so by statute.

"The court disagrees with the petitioner. Subdivision 2-a of section 167 of the Insurance Law provided that all automobile liability insurance policies contain an uninsured motorists coverage provision, 'subject to the terms and conditions set forth therein to be prescribed by the board of directors of the Motor Vehicle Accident Indemnification Corporation and approved by the superintendent'.

"Pursuant to such statutory direction, terms and conditions were prescribed by the board of directors of the Motor Vehicle Accident Indemnification Corporation and approved by the superintendent for inclusion in the uninsured motorists coverage indorsement of the standard automobile liability policy. One of these terms and conditions was the right to arbitrate. Without a doubt, it was the intent of the Legislature that all claimants entitled to uninsured motorists coverage be treated the same, regardless of whether they were dealing with a self-insurer or an insurer. Moreover, it is the court's opinion that the right to arbitrate an uninsured motorists claim may be inferred from the decisions in *Matter of New York City Tr. Auth.*

(*Thom*) (*supra*). Although in that case the issue of arbitration was not raised, Supreme Court at Special Term, Kings County, denied a stay of arbitration. The judgment was unanimously affirmed by the Appellate Division, which was then affirmed by the Court of Appeals. (See, also, *New York City Tr. Auth. [Ferrier],* Supreme Ct, Kings County, Nov. 30, 1982, Index No. 10524/81, in which a stay of arbitration was denied under similar facts.)"

The issue presented for resolution is whether MABSTOA, a self-insured public benefit corporation, is bound by subdivision 2-a of section 167 of the Insurance Law and subdivision 1 of section 370 of the Vehicle and Traffic Law to proceed to arbitration with respect to respondent's uninsured motorists claim. We conclude that it is so bound.

Subdivision 1 of section 370 of the Vehicle and Traffic Law obliges every person, firm, association or corporation engaged in the business of carrying or transporting passengers for hire in any motor vehicle upon any public street or highway of the State to file with the commissioner either a bond or policy of insurance which provides, *inter alia,* for uninsured motorists coverage. Such coverage was automatically attached to every policy of automobile liability insurance whether or not it was specifically mentioned therein. It was moreover mandated that the board of directors of the Motor Vehicle Accident Indemnification Corporation prepare a statutory uninsured motorists contract which was subject to the approval of the Superintendent of Insurance (Insurance Law, § 167, subd 2-a). This contract took the form of the New York automobile accident indemnification indorsement. Although the indorsement is statutorily required, the obligation imposed upon the insurer is contractual rather than statutory in nature (*State Farm Mut. Auto. Ins. Co. v Basile,* 48 AD2d 868). "The endorsement is not a private contract, fully negotiated by carrier and insured; a supervening public interest modifies its terms in keeping with public policy" (*Matter of Durant v MVAIC,* 20 AD2d 242, 247, mod on other grounds 15 NY2d 408; *Matter of Tanner [City of New York],* 67 AD2d 863, 864). Thus, MABSTOA's argument that it had never agreed to arbitrate respondent's claim is unavailing.

A review of the statutory contract by which respondent maintains that MABSTOA is bound indicates that disputes arising thereunder are to be resolved exclusively by arbitration. The seventh condition of the indorsement provides: "If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any Court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement."

That the uninsured motorists coverage requirement applies to self-insurers is beyond cavil (*Matter of Allstate Ins. Co. v Shaw,* 52 NY2d 818; *Matter of New York City Tr. Auth.* [*Thom*], 70 AD2d 158, affd 52 NY2d 1032). The underlying reasoning has been cogently expressed by this court in *Matter of New York City Tr. Auth.* (*Thom*) (*supra,* p 171): "It would indeed be strange that a carrier was to be exempt from the obligation to provide uninsured motorists coverage when the owner of even a single vehicle is required to provide it — merely by the fortuity that it had chosen the self-insurance option as to financial security and safety responsibility". The end result in that case was affirmance of Special Term's denial of the New York City Transit Authority's application to stay the arbitration sought by the respondents. While the matter of arbitration was not specifically addressed therein, one may infer from that case authority for the proposition that the self-insured are compelled to proceed to arbitration in order to resolve disputes arising from the uninsured motorists coverage provisions. Moreover, similar applications by the self-insured for stays of arbitration in personal injury actions emanating from collisions with uninsured motorists have

been denied in *Matter of Manhattan & Bronx Surface Tr. Operating Auth. (Coccia)* (118 Misc 2d 378) and *Matter of New York City Tr. Auth. (Ferrier)* (Supreme Ct, Kings County, Nov. 30, 1982, COOPERMAN, J.).

Accordingly, we conclude that Special Term did not err in denying MABSTOA's application for a stay of arbitration, and affirm the judgment under review.

THOMPSON, J. P., O'CONNOR, WEINSTEIN and BRACKEN, JJ., concur.

Judgment of the Supreme Court, Kings County, dated December 21, 1982, affirmed, with costs.