Harold I. Reichel, as Administrator of the Estate of Lena Reichel, Deceased, Respondent, v Government Employees Insurance Company, Appellant. (Proceeding No. 1.)

In the Matter of Government Employees Insurance Company, Appellant, v Harold I. Reichel, as Administrator of the Estate of Lena Reichel, Deceased, Respondent. (Proceeding No. 2.)

Second Department, April 1, 1985

**APPEARANCES OF COUNSEL**

*Pizzitola & DiBlasi, P. C. (Vincent A. DiBlasi* and *Lawrence B. Lame* of counsel), for appellant.

*Reichel & Reichel (Solomon Reichel, Thomas Torto* and *S. Edward Resciniti* of counsel), for respondent.

## OPINION OF THE COURT

MANGANO, J.

Lena Reichel was injured and subsequently died as a result of a hit-and-run accident. Thereafter, in an arbitration proceeding commenced pursuant to the uninsured motorist indorsement of an automobile liability insurance policy covering the decedent, her estate obtained an award from the arbitrator against the insurer GEICO in the principal sum of $100,000. The crucial question to be resolved on this appeal is whether GEICO is entitled to relitigate all of the issues involved in the claim, by trial de novo in a court of competent jurisdiction.

In our view, the question must be answered in the affirmative.

On December 31, 1981, the decedent Lena Reichel, then 81 years of age, was struck by a hit-and-run automobile while walking on a street in Brooklyn, New York, and sustained personal injuries resulting in her death.

Pursuant to an order of the Surrogate's Court, Kings County, dated September 24, 1982, Howard I. Reichel (hereinafter respondent), a son of the decedent, was appointed as the administrator of the decedent's estate. Thereafter, on October 27, 1982, respondent filed a notice of claim with GEICO pursuant to the uninsured motorist coverage provision of an automobile liability insurance policy which had been issued by GEICO to respondent's brother and which covered members of the latter's household, including the decedent. GEICO did not respond to this claim, and petitioner thereupon filed a demand for arbitration of the claim seeking $100,000.

A hearing was held before the arbitrator on May 23, 1983, at which time five witnesses testified on behalf of the respondent. GEICO appeared and cross-examined these witnesses, but did not produce any witnesses on its own behalf.

On June 17, 1983, the arbitrator issued an award in favor of the respondent and against GEICO in the sum of $100,000.

By notice of motion, returnable July 18, 1983, respondent moved to confirm the arbitrator's award and for the entry of judgment upon that award in his favor and against GEICO in the sum of $100,000.

In opposition to respondent's motion, and in an independent proceeding pursuant to CPLR 7511 to vacate the arbitrator's award, GEICO argued, *inter alia,* that (1) respondent had purchased supplementary uninsured motorist coverage in the amount of $100,000/300,000 which exceeded the statutory limit

of $50,000/100,000, (2) pursuant to the insurance policy indorsement reflecting this coverage, either party had the right, if timely exercised, i.e., within 60 days of the arbitrator's award, to a "trial on all of the issues in a court of competent jurisdiction" if the arbitrator's award exceeded the statutory limit of uninsured motorist coverage, and (3) GEICO had exercised this right in a timely fashion by virtue of the fact that on or about July 26, 1983, it commenced an action by summons and complaint, to dismiss the respondent's claim or for an award to respondent "reflecting the fair and just compensation for the pecuniary injuries sustained".

In a reply affirmation, respondent did not in any way contest the validity of the provision relied on by GEICO which permitted either party to obtain a trial de novo. Rather, respondent's sole argument was that this provision only applied to a situation involving an underinsured automobile, and did not apply to a hit-and-run situation, as occurred in the case at bar.

In its decision granting respondent's motion to confirm the arbitrator's award and denying GEICO's application to vacate the award, Special Term specifically rejected GEICO's argument that it was entitled to a trial, stating: "the court is of the opinion that GEICO's contention is not well taken. The above mentioned provision which permits a post arbitration trial of all issues relates only to under insured motor vehicles as opposed to uninsured motor vehicle [sic]. In the instant matter the arbitration proceeding involved an unidentified motor vehicle in a 'hit and run' accident and the claim against GEICO proceeded under the uninsured motor vehicle endorsement contained in the insured's automobile liability insurance policy and not pursuant to an under insured motorist claim".

We disagree with the reasoning and conclusion of Special Term.

Insurance Law former § 167 (2-a) (presently Insurance Law § 3420 [f] [1])* provides for mandatory uninsured motorist coverage (which includes coverage for hit-and-run accidents) with a maximum limit of $50,000/100,000. Specifically, the statute provides in pertinent part: "2-a. No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any natural person arising out of the ownership, maintenance and use of a motor vehicle by the insured shall be issued or delivered by any authorized insurer upon any motor

---

* The Insurance Law of our State was completely recodified, without substantive change, effective September 1, 1984 (L 1984, ch 367; Insurance Law § 102).

vehicle then principally garaged or principally used in this state unless it contains a provision whereby the insurer agrees that it will pay to the insured, as defined in such provision, subject to the terms and conditions set forth therein to be prescribed by the board of directors of the Motor Vehicle Accident Indemnification Corporation and approved by the superintendent, all sums * * * not exceeding a maximum amount or limit of fifty thousand dollars exclusive of interest and costs, on account of death of one person, in any one accident, and the maximum amount or limit, subject to such limit for any one person * * * so killed of one hundred thousand dollars, exclusive of interest and costs, on account of * * * death of, more than one person in any one accident, which the insured or his legal representative shall be entitled to recover as damages from an owner or operator of an * * * unidentified motor vehicle which leaves the scene of an accident * * * because of bodily injury * * * including death resulting therefrom, sustained by the insured, caused by accident occurring in this state and arising out of the ownership, maintenance or use of such motor vehicle."

Pursuant "to the terms and conditions * * * prescribed by the board of directors of the Motor Vehicle Accident Indemnification Corporation, and approved by the superintendent" (Insurance Law former § 167 [2-a]), the statutorily mandated uninsured motorist coverage indorsement of $50,000/100,000 also provides for binding arbitration (*see, Matter of Manhattan & Bronx Surface Tr. Operating Auth.* [*Evans*], 117 Misc 2d 614, 615, *affd* 95 AD2d 470; *see also, Matter of Country-Wide Ins. Co. v Wagoner*, 88 Misc 2d 976, 982, *revd* 57 AD2d 498, *revd* 45 NY2d 581), as follows: "Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this amendment, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this amendment."

The record herein indicates, and indeed there is no dispute between the parties, that the respondent's brother, by payment of a premium of $23.30, purchased supplementary uninsured

motorist coverage for the period from September 22, 1981 to September 22, 1982 in the amount of $100,000/300,000, which exceeded the mandatory statutory limit of this type of insurance.

In choosing to purchase this extra coverage, respondent's brother was merely exercising the right granted by the statute. Specifically, Insurance Law former § 167 (2-a) provides, after describing the parameters of mandatory uninsured motorist coverage, that: *"[a]ny such policy* shall, at the option of the insured, also provide supplementary uninsured motorists insurance for bodily injury, in an amount up to the bodily injury liability insurance limits of coverage provided under such policy, subject to a maximum of one hundred thousand dollars because of bodily injury to or death of one person in any one accident and, subject to such limit for one person, up to three hundred thousand dollars because of bodily injury to or death of two or more persons in any one accident."

The statute also provides that upon the insured's exercise of the option to obtain uninsured motorist coverage over and above the amount provided for in the statute, the insured is also provided: "coverage * * * if the limits of liability under all bodily injury liability bonds and insurance policies of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by such policy" (Insurance Law former § 167 [2-a]).

In short, upon the exercise of the option in the statute, the insured obtained uninsured motorist coverage and underinsured motorist coverage in the sum of $100,000/300,000. Accordingly, the indorsement sent by GEICO to the insured upon the payment of the extra premium of $23.30 cannot be interpreted, as respondent suggests, as covering only the underinsured motorist situation, but must be construed as applying to uninsured motorist coverage as well. Indeed, an examination of the relevant indorsement sent to the insured, reflects the following title: "Supplementary Uninsured Motorists Coverage". The supplementary uninsured motorist coverage indorsement also provides as follows:

"It is agreed that the policy is amended with respect to such insurance as is afforded under Part IV, Protection Against Uninsured Motorists in the Family policy * * * to include supplementary uninsured motorists insurance subject to the following provisions * * *

"3. Arbitration. If any person making claim hereunder and the company * * * do not agree as to the amount of payment

which may be owing under *this coverage* then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association. An award up to and including this state's per person financial responsibility or compulsory liability insurance limit shall be binding upon the parties. When an award exceeds this person limit, either party shall have the right to trial on all of the issues in a court of competent jurisdiction" (emphasis supplied).

Because the owner of the policy chose supplementary uninsured motorist coverage over and above that which was mandated by statute, respondent became subject to a superseding insurance policy indorsement which specifically provided that arbitration awards would, under certain conditions, be nonbinding and that either party could then obtain a trial de novo on all of the issues in a court of competent jurisdiction.

Since the arbitrator's award of $100,000 exceeded the maximum amount mandated by statute for the death of one person caused by a hit-and-run automobile, i.e., $50,000 (Insurance Law former § 167 [2-a]), GEICO was correct in arguing that it had the right under the supplementary uninsured motorist coverage indorsement to a trial "on all of the issues", in a court of competent jurisdiction.

In view of our determination, it is unnecessary to reach the other arguments raised by GEICO with regard to the arbitrator's award.

Accordingly, the judgments must be reversed, respondent's application to confirm the arbitrator's award denied, and GEICO's application to vacate the arbitration award granted.

TITONE, J. P., WEINSTEIN and BROWN, JJ., concur.

Judgment of the Supreme Court, Kings County, dated October 18, 1983, and made in proceeding No. 1, reversed, on the law, without costs or disbursements, application denied, and proceeding dismissed.

Judgment of the Supreme Court, Kings County, dated September 12, 1983, and made in proceeding No. 2, reversed, on the law, without costs or disbursements, application granted and arbitration award dated June 17, 1983 vacated.