■ WILLIAM P. GALLAGHER, Appellant, v STATE FARM MUTUAL AUTO INSURANCE COMPANY, Respondent.—Kane, J. P. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered May 1, 1989 in Schenectady County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was allegedly injured when his motorcycle was hit by an automobile driven by Jackson Donadio, the result of which was a lawsuit and subsequent settlement* for $10,000, the limit of Donadio's insurance coverage. Plaintiff then commenced the instant action for underinsurance benefits pursuant to a motor vehicle liability policy issued by defendant. Defendant had denied coverage on the basis that plaintiff had violated the terms of the policy by settling with Donadio without defendant's written consent. In opposing defendant's

---

* As defined in Vehicle and Traffic Law § 118, a "highway" clearly includes a town road.

motion for summary judgment, plaintiff's attorney asserted that plaintiff could not recall receiving the endorsement, issued by defendant to add underinsurance coverage to plaintiff's already existing motor vehicle liability policy, which contained the consent to settle requirement. Supreme Court granted defendant summary judgment, finding that plaintiff could not seek to recover under an existing policy while also claiming the inapplicability of a provision of that policy. Plaintiff appeals.

We affirm. Plaintiff's original uninsured motorist coverage required defendant's written consent prior to settling a claim for injuries coverable under the policy. Although an underinsured endorsement was either included with the original uninsured coverage by definition, or added to it at a later date, it also required plaintiff to obtain defendant's written consent prior to settlement. Viewing the evidence in a light most favorable to the party opposing a motion for summary judgment (see, Bulger v Tri-Town Agency, 148 AD2d 44, 47, appeal dismissed 75 NY2d 808), we find that plaintiff's failure to remember whether he received written notice of the consent to settle requirement, pertaining specifically to underinsurance coverage, does not, in this instance, suffice to create material questions of fact regarding plaintiff's compliance with the insurance agreement. Accordingly, summary judgment was properly granted.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.