■ JOHN E. BURKE, Respondent, v LIBERTY MUTUAL INSUR-ANCE COMPANY, Appellant. [607 NYS2d 483] —Mercure, J. Appeal from an order of the Supreme Court (Lynch, J.), entered September 17, 1992 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

On August 4, 1985, while operating a vehicle rented from Payless Car Rental Corporation and insured by defendant, plaintiff suffered personal injuries in a collision with another vehicle. In August 1986, plaintiff settled his claim against the driver of the other vehicle for $10,000 and executed a general release in his favor. On July 7, 1987, plaintiff advised defendant of the third-party settlement and requested that defendant provide him with underinsured motorist benefits. Plaintiff subsequently brought this action, pleading causes of action sounding in breach of contract, negligence and fraud, to recover for defendant's failure to provide the requested coverage. Alleging a condition of its policy that the insurance does not apply to any claim settled without its consent, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion upon the ground that plaintiff was not furnished with a copy of the insurance policy until after he settled the third-party action, that defendant failed to demonstrate plaintiff's knowledge of the policy provisions prior to the settlement, and that plaintiff cannot be bound by conditions of a contract to which he was not a party and of which he had no knowledge. Defendant appeals.

There should be a reversal. There is no question that plaintiff's settlement of the third-party action and execution and delivery of a general release in favor of the other driver prejudiced defendant's subrogation rights and justified its disclaimer of underinsured motorist coverage (see, Weinberg v Transamerica Ins. Co., 62 NY2d 379; Matter of State Farm Mut. Ins. Co. v Parker, 160 AD2d 882; Gallagher v State Farm Mut. Auto Ins. Co., 160 AD2d 1196). Further, and contrary to Supreme Court's determination, it is settled law that an additional insured's ignorance of the policy provisions will excuse his failure to satisfy its requirements only if the lack of knowledge is reasonable under all the circumstances (see, Koretnicki v Firemen's Ins. Co., 109 AD2d 993; Aetna Cas. & Sur. Co. v Pennsylvania Mfrs. Assn. Ins. Co., 57 AD2d 982). Here, plaintiff made no such showing of reasonableness. To the contrary, it appears that plaintiff's counsel first requested information concerning the policy's underinsured motorist

coverage on July 25, 1986 and that plaintiff proceeded to settle the third-party action and issue the general release only one week later, prior to receipt of the requested information. The vague "recollection" of plaintiff's counsel that, at an unstated time prior to plaintiff's execution of the general release, an unnamed employee of defendant responded to his inquiry concerning underinsured motorist coverage with the statement, "let us know when you have the [$10,000] policy and then we can talk", is without probative value *(see, Grimm Bldg. Material Co. v Freeman Excavating,* 194 AD2d 857). Further, actions alleged to have been taken by defendant subsequent to plaintiff's delivery of the general release cannot support plaintiff's claim of estoppel. Plaintiff's additional arguments have been considered and rejected. Finally, in view of plaintiff's attorneys' failure to file a timely respondent's brief on this appeal, costs will be awarded against counsel in accordance with section 800.9 (d) of this Court's rules (22 NYCRR 800.9 [d]).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs to defendant against plaintiff's counsel, motion granted, summary judgment awarded to defendant and complaint dismissed.