■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, v CARLOS ALVAREZ, Respondent. [615 NYS2d 723] —In a proceeding by Nationwide Mutual Insurance Company to vacate an arbitration award, in which the respondent Carlos Alvarez moved pursuant to CPLR 7510 to confirm an arbitration award, Nationwide Mutual Insurance Company appeals from (1) an order of the Supreme Court, Westchester County (Fredman, J.), entered December 16, 1992, which granted the motion to confirm the arbitrator's award, and (2) a judgment of the same court entered January 13, 1993, which is in favor of the respondent in the principal sum of $100,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the respondent's motion is denied in its entirety, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The respondent was seriously injured in an automobile accident on November 17, 1990. The tortfeasor was uninsured at the time of the accident. The respondent filed an uninsured motorist claim with his insurer, the petitioner.

When the petitioner did not settle the respondent's claim, the parties proceeded to arbitration, and the respondent was awarded the sum of $100,000. The petitioner then sought a trial de novo, citing a provision in a "Supplementary Endorsement" as authority to do so. The respondent moved to confirm the arbitrator's award and to enjoin the petitioner from proceeding with the trial de novo, stating that the supplementary endorsement relied upon by the petitioner was never sent to the respondent and was not a part of his insurance contract. The Supreme Court confirmed the arbitrator's award, granted judgment thereon, and enjoined the petitioner from proceeding with the trial de novo. We reverse.

The arbitration award, which far exceeds the maximum award permitted under the mandatory New York automobile accident indemnification endorsement attached to the respondent's policy (Endorsement #1751), was in truth rendered pursuant to the Supplementary Uninsured/Underinsured Motorists Insurance Endorsement (Endorsement #1737) relied upon by the petitioner (see, Insurance Law § 3420 [f] [1], [2]). This supplemental coverage, which an insured may opt to purchase at an additional premium, permits an increased award but also permits either party to seek a trial de novo in certain situations. Since the respondent seeks the benefit of the supplementary endorsement in the form of an increased award, he may not avoid the applicability of the trial de novo provision by claiming ignorance thereof and nonreceipt of the written endorsement (see, Gallagher v State Farm Mut. Auto Ins. Co., 160 AD2d 1196). Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.