OPINION OF THE COURT
Peter Fox Cohalan, J.
Cross motion by respondent, Hanover Insurance Company, for an order vacating the arbitration award rendered herein; or vacating the arbitration award in excess of the $10,000 minimum fina 'cial responsibility per person limits mandated by the State of New York is granted.
Claimant, Walter Sutorius, has petitioned for an order pursuant to CPLR 7510 confirming the award of an arbitrator and for judgment under CPLR 7514.
The proceeding arises from a claim for underinsurance benefits due to severe injuries sustained by claimant in a motor vehicle accident which occurred on September 21, 1993.
An arbitration hearing followed on August 16, 1994 in which testimony of the claimant and Dr. Kandel, an orthopedic surgeon, was taken.
An award was issued on September 13, 1994 requiring that, "Hanover Insurance Company shall pay to Walter Sutorius the sum of Two Hundred Fifty Thousand Dollars ($250,000).”
On December 13, 1994, the arbitrator issued a "Disposition of Request for Clarification of Award” wherein he reaffirmed the $250,000 award, but stated "It is my feeling that the nature and extent of claimant’s injuries ought to entitle him to an award of Three Hundred Fifty Thousand Dollars ($350,000).”
Petitioner-claimant, Walter Sutorius, was involved in an automo-. ile accident on September 21, 1993 while driving a 1993 Chevy van owned by Tri-Plex Supply Co., Inc., which vehicle was struck by a 1977 Pontiac owned and operated by Yvonne Parthey. The Chevy van then collided with a 1987 Ford vehicle which was owned and operated by Fernando Martin.
The Pontiac was insured by State Farm Insurance. The Ford was insured by Merchants Mutual Insurance Company.
On March 23, 1994, Sutorius demanded "underinsurance” from Hanover, arising out of Hanover’s policy covering a non-in volved vehicle owned by Sutorius.
On August 1, 1994, an examination was held of claimant Sutorius, wherein he disclosed that at the time of the accident, he *467 was performing his employment function as a driver for TriPlex and/or Simplex, which are the same company.
The vehicle driven by Sutorius in the course of his employment, owned by Tri-Plex, was insured by Travelers Insurance Company. Travelers has $1,000,000 in underinsurance coverage said to be applicable herein.
The Hanover policy, among other provisions, contained these:
"the limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible * * *
"other insurance
"If there is other applicable similar insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.”
The Hanover policy’s underinsurance endorsement, which' petitioner seeks to avail himself of, reads:
"arbitration * * *
"The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of New York. If the amount exceeds that limit, either party may demand the right to a trial only with respect to the issue of amounts of damages above that limit. This demand must be made within 60 days of the arbitrator’s decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.”
On January 27, 1995 Hanover, pursuant to policy provisions, demanded a trial de novo and this was followed by the institution of an action in this court against Sutorius. The basis for both is that portion of the award which is in excess of the New York State per person financial responsibility limits of $10,000.
Claimant contends that Hanover is in default in challenging the award since, under CPLR 7511, it had 90 days to apply to vacate or modify the award; that the September 13, 1984 award was not made the subject of such challenge within the 90 days, the first move in that direction by Hanover being in February 1995.
However, in the Practice Commentaries by Joseph M. McLaughlin to CPLR 7511 (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7511:l, at 578-579), this appears:
*468 "C7511:l. Time to Apply.
"The ninety-day time limit was adopted from CPA § 1463.
"It is important to note that, while an aggrieved party has only ninety days in which to move to vacate or modify an award, he may simply omit the motion and wait until the victor moves to confirm the award. At that time the loser may oppose the confirmation upon the same ground which he could have raised on a motion to vacate or modify. 2 N.Y. Adv. Comm. Rep. 144 (1958).”
The issue herein is whether Hanover acted correctly in seeking a trial de novo. The case of Allstate Ins. Co. v Jacobs (208 AD2d 578, 579 [2d Dept 1994]) appears to be sufficient authority to accord Hanover that right. The Allstate case holds:
"The defendant was allegedly seriously injured in an automobile accident on March 3, 1989, while he was driving an automobile owned by the plaintiff’s insured. The insured’s policy contained a supplementary uninsured motorist provision, which provided coverage of up to $100,000 per person for bodily injury. This provision provided for arbitration of disputes pertaining to the supplementary coverage. The arbitration was to be binding when the award did not exceed the $10,000 limit set forth in Insurance Law § 3420 (f) (2); however, should the award exceed that amount, either party had the right to seek a trial de novo, regardless of the method of arbitration.
"At an arbitration between the carrier and defendant, conducted in June, 1991, both sides submitted conflicting medical testimony regarding the extent of the defendant’s alleged injuries. The arbitrator awarded the defendant $500,000, following which the carrier commenced this action for a trial de novo. The defendant moved for an order, inter alia, to confirm the arbitrator’s award and to dismiss the complaint. The Supreme Court denied the motion and we now affirm.
"The supplemental uninsured motorist coverage in the carrier’s policy clearly permitted both parties the opportunity to seek a trial de novo when the arbitrator’s award exceeded the limits for uninsured motorist coverage required by Insurance Law § 3420 (f) (1). This policy provision is consistent with the Insurance Law and relevant public policy, as is evidenced in part by the New York State Superintendent of Insurance’s approval of the policy provision (see, e.g., Reichel v Government Empl. Ins. Co., 107 AD2d 463).”
The principle enunciated above is not varied by the fact that in the instant case it is underinsurance rather then uninsur *469 anee which is the concern. Insurance Law § 3420 (f) (1) does not distinguish between the two.
In Matter of Nationwide Mut. Ins. Co. v Alvarez (207 AD2d 401, 402 [2d Dept 1994]), this appears: "The arbitration award, which far exceeds the maximum award permitted under the mandatory New York automobile accident indemnification endorsement attached to the respondent’s policy (Endorsement # 1751), was in truth rendered pursuant to the Supplementary Uninsured / Underinsured Motorists Insurance Endorsement (Endorsement #1737) relied upon by the petitioner (see, Insurance Law § 3420 [f] [1], [2]). This supplemental coverage, which an insured may opt to purchase at an additional premium, permits an increased award but also permits either party to seek a trial de novo in certain situations. Since the respondent seeks the benefit of the supplementary endorsement in the form of an increased award, he may not avoid the applicability of the trial de novo provision”.
There is a provision in the subject policy in the section headed "Arbitration” which states that if the amount of the arbitration award exceeds the minimum limit for bodily injury liability specified by the financial responsibility law of New York, either party may demand the right to a trial only with respect to the issue of amounts of damage above that limit. "This demand must be made within 60 days of the arbitrator’s decision. If this demand is not made, the amount of damages agreed to by the arbitrator will be binding.” The amended decision of the arbitrator rendered December 13, 1994 is deemed to be that which commenced the time for Hanover’s demand for trial de novo. The latter demand was made on January 27, 1995, within the 60 days’ time limit.
The cross motion by Hanover is granted. The arbitration award in excess of the $10,000 minimum financial responsibility per person limits is vacated.