OPINION OF THE COURT
Howard Miller, J.
Motion by defendant (1) for summary judgment; and (2) for confirmation of an arbitration award.
*784 It is undisputed that on October 23, 1992 the American Arbitration Association rendered an award of $100,000 to defendant against the plaintiff pursuant to underinsurance coverage issued to defendant. Plaintiff commenced this action for a trial de novo pursuant to the provisions of the policy. Defendant now moves for summary judgment, contending that the trial de novo provisions in the policy are against public policy and ambiguous.
The provision at issue states: "Regardless of the method of arbitration, when any arbitration award exceeds the Financial Responsibility limits in the State of New York, either party has a right to trial on all issues in a court of competent jurisdiction. This right must be exercised within 60 days of the award.”
There is no ambiguity in the language: either party has a right to a trial de novo when the arbitration award exceeds $10,000. As for the provision being unconscionable and against public policy, it is well settled that "[a]n unconscionable contract [is] one which 'is so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforcible [sic] according to its literal terms.’ ” (Sablosky v Gordon Co., 73 NY2d 133, 138, citing Gillman v Chase Manhattan Bank, 73 NY2d 1, 10, quoting Mandel v Liebman, 303 NY 88.) At the time the parties entered into the insurance contract, such a provision was not prohibited by the regulations of the Insurance Department, the right to demand a trial de novo was recognized in case law (Matter of Commercial Union Ins. v Ewall, 168 AD2d 247), and, as noted in Hanover Ins. Co. v Losquadro (157 Misc 2d 1014) was a fairly standard provision in policies issued throughout the country. While case law in other jurisdictions may have found the subject provision against public policy, no appellate New York court has yet embraced that position.
Measured against the mores and business practices of the time, the provision is neither unreasonable nor unconscionable. Indeed, it offers an insured, as well as an insurer, an opportunity to litigate an arbitration award over $10,000, either on grounds of inadequacy in the case of the insured, or excessiveness in the case of the insurer.
The fact that plaintiff has demanded a trial de novo does not, however, preclude defendant from moving to confirm the *785 arbitration award, which may only be vacated or modified on the grounds specified in CPLR 7511, although such confirmation may be without substantive import. There is an issue of fact, however, regarding whether such application has been timely made.