(October 11, 1994)

■ ALLSTATE INSURANCE COMPANY, Respondent, v MYRON JACOBS, Appellant. [617 NYS2d 360] —In an action to enforce a contractual right to a trial de novo, the defendant Myron Jacobs appeals from an order of the Supreme Court, Nassau County (Brucia, J.), dated November 30, 1992, which denied his motion, *inter alia,* to confirm an arbitrator's award.

Ordered that the order is affirmed, with costs.

The defendant was allegedly seriously injured in an automobile accident on March 3, 1989, while he was driving an automobile owned by the plaintiff's insured. The insured's policy contained a supplementary uninsured motorist provision, which provided coverage of up to $100,000 per person for bodily injury. This provision provided for arbitration of disputes pertaining to the supplementary coverage. The arbitration was to be binding when the award did not exceed the $10,000 limit set forth in Insurance Law § 3420 (f) (2); however should the award exceed that amount, either party had the right to seek a trial de novo, regardless of the method of arbitration.

At an arbitration between the carrier and defendant, conducted in June, 1991, both sides submitted conflicting medical testimony regarding the extent of the defendant's alleged injuries. The arbitrator awarded the defendant $500,000, following which the carrier commenced this action for a trial de novo. The defendant moved for an order, *inter alia,* to confirm the arbitrator's award and to dismiss the complaint. The Supreme Court denied the motion and we now affirm.

The supplemental uninsured motorist coverage in the carrier's policy clearly permitted both parties the opportunity to seek a trial de novo when the arbitrator's award exceeded the limits for uninsured motorist coverage required by Insurance Law § 3420 (f) (1). This policy provision is consistent with the Insurance Law and relevant public policy, as is evidenced in part by the New York State Superintendent of Insurance's approval of the policy provision *(see, e.g., Reichel v Government Empl. Ins. Co.,* 107 AD2d 463).

Further, the provision for a trial de novo in limited circumstances is not unconscionable. The provision in question does

not benefit only the insurance carrier, as the defendant maintains. The fact that the provision happens to benefit the carrier in this particular instance is not a ground for this Court to set aside the contract provision as unconscionable *(see, Allstate Ins. Co. v Purdy,* 159 Misc 2d 783).

The defendant's claim that the carrier acted in bad faith is unsupportable. To prove that the carrier acted in bad faith, the defendant must show that it acted in gross disregard of the defendant's needs, i.e. that the carrier has shown "a deliberate or reckless failure to place on equal footing the interests of its insured with its own interests when considering a settlement offer" *(Pavia v State Farm Mut. Auto. Ins. Co.,* 82 NY2d 445, 453). This is clearly not so in the instant case, where there is contradictory evidence regarding the extent of the defendant's injuries, and the carrier is merely attempting to exercise its contractual right to a trial de novo to ascertain its obligation to the defendant.

Finally, we decline to address the defendant's unpreserved argument that the carrier waived its right to a trial de novo. Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.