■ In the Matter of SANTO MARCIANO, Respondent, v GENERAL ACCIDENT INSURANCE COMPANY, Sued Herein as PENNSYLVANIA GENERAL INSURANCE COMPANY, Appellant. [633 NYS2d 345] —In a proceeding to confirm an arbitration award dated February 21, 1993, of $375,000 for personal injuries sustained by the petitioner in an automobile accident under the underinsurance coverage provision of an insurance policy, the appeal is from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated April 25, 1994, which confirmed the award.

Ordered that the judgment is affirmed, with costs.

The appellant is not entitled to a trial de novo. In this case, the petitioner demanded arbitration pursuant to the rules of the American Arbitration Association and the parties proceeded to arbitration pursuant to that demand. By award dated February 21, 1993, the American Arbitration Association arbitrator awarded the petitioner $375,000. The policy provides that if an arbitration award exceeds "the minimum limit for bodily injury liability specified by the financial responsibility law of [this] [S]tate * * * either party may demand [a trial de novo]". While the policy provisions granting the right to a trial de novo are not against public policy *(see, Allstate Ins. Co. v Jacobs,* 208 AD2d 578), the appellant cannot invoke those provisions because "the parties proceeded to arbitration in accordance with the rules applicable to the American Arbitration Association, and not in accordance with the policy provisions" *(Matter of Eckart v Aetna Cas. & Sur. Co.,* 208 AD2d 533).

Insurance Law § 5106 (c), which grants the statutory right to a trial de novo where a "master arbitrator's award is five thousand dollars or greater", is inapplicable here since we are not dealing with a master arbitrator's award.

The appellant's remaining contention is without merit. Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.