■ FRANKLIN J. MERCER, Appellant, v CITY OF MOUNT VERNON, Respondent. [637 NYS2d 474] —In an action, *inter alia,* to recover damages for malicious prosecution, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Colabella, J.), dated November 22, 1994, which granted the defendant's motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly dismissed the complaint as untimely inasmuch as the action was not commenced within the applicable Statute of Limitations. Contrary to the plaintiff's contention, the limitations period was not tolled by either the 30-day waiting period found in General Municipal Law § 50-i (1) (b) or the period for an examination of claim found in General Municipal Law § 50-h *(see,* General Municipal Law § 50-i [2], [3]; *Baez v New York City Health & Hosps. Corp.,* 80 NY2d 571; *Astromovich v Huntington School Dist. No. 3,* 80 AD2d 628, *affd* 56 NY2d 634; *Rose v Metro N. Commuter R. R.,* 143 AD2d 993; *Lowinger v City of New York,* 64 AD2d 888; *Stazio v County of Albany,* 60 AD2d 934). O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.

■ NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v BARBARA A. FENNIMORE, Appellant. [638 NYS2d 328] —In an action to enforce a contractual right to a trial de novo, the defendant appeals from an order of the Supreme Court, Queens County (Friedmann, J.), dated November 16, 1993, which denied her motion, *inter alia,* to dismiss the action and to confirm an arbitrator's award.

Ordered that the order is affirmed, with costs.

The Appellant's contention that the plaintiff waived its right to a trial de novo under the facts presented in this case is without merit *(see Allstate Ins. Co. v Jacobs,* 208 AD2d 578; *Matter of Nationwide Mut. Ins. Co. v Alvarez,* 207 AD2d 401). Unlike the parties in the cases of *Matter of Marciano v General Acc. Ins. Co.* (220 AD2d 748) and *Matter of Eckart v Aetna Cas. & Sur. Co.* (208 AD2d 533), the parties in this case proceeded to arbitration in accordance with the policy provisions and, therefore, the plaintiff could invoke its right under the policy to a trial de novo.

The appellant's remaining contentions are without merit. Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.