■ ALLSTATE INSURANCE COMPANY, Respondent, v RACHEL EDERY, Appellant. [639 NYS2d 444]

On February 3, 1992, the defendant's car was struck from behind by another car. When the defendant learned that the car that had struck her car was not insured, she served a

demand for arbitration on her insurer, the plaintiff, Allstate Insurance Company (hereinafter Allstate). The defendant's insurance policy contains a clause providing for the arbitration of disputes before three arbitrators. It also provides that, if the damages awarded by the arbitrators exceed the minimum limit for bodily injury specified in the financial responsibility law of the State where the car is principally garaged, then either party may demand a trial de novo.

On April 29, 1993, the parties submitted the matter to arbitration before one arbitrator pursuant to the rules of the American Arbitration Association, resulting in an award to the defendant of $80,000. Immediately thereafter, Allstate served the defendant with a notice informing her that it was electing to proceed to trial. Allstate then brought the present action in the Supreme Court, Kings County, to enforce its contractual right to a trial. At about the same time, the defendant commenced a separate action in the Supreme Court, New York County (hereinafter the New York County action) to confirm the arbitration award. By an order dated June 29, 1993, the New York County action was dismissed. The defendant then moved in this action to vacate Allstate's notice of trial and to confirm the arbitration award. The Supreme Court, Kings County, denied the defendant's motion on the ground that the order dated June 29, 1993, in the New York County action is the law of the case. We reverse.

The order dated June 29, 1993, in the New York County action is not the law of the case. That order dismissed the defendant's action on jurisdictional grounds. Thus, the court's additional reasons for dismissing the action are merely dicta *(see, Eastdil Realty v Gallagher,* 152 AD2d 478).

The defendant's motion to vacate Allstate's notice of trial and to confirm the arbitration award should have been granted. The defendant correctly argues that, by proceeding to arbitration pursuant to the rules of the American Arbitration Association rather than pursuant to the terms of the insurance policy, Allstate is not entitled to demand a trial de novo under the terms of the insurance policy *(see, Matter of Eckart v Aetna Cas. & Sur. Co.,* 208 AD2d 533; *Matter of Marciano v General Acc. Ins. Co.,* 220 AD2d 748; *cf., Nationwide Mut. Ins. Co. v Fennimore,* 224 AD2d 402; *Allstate Ins. Co. v Jacobs,* 208 AD2d 578). Allstate's contention that the defendant's motion to confirm the arbitration award is untimely is not preserved for appellate review *(see, Snyder v Newcomb Oil Co.,* 194 AD2d 53, 59-60), and, in any event, it is without merit *(see, Matter of Gersten v American Tr. Ins. Co.,* 161 Misc 2d 57, 62-63). Thompson, J. P., Friedmann, Florio and McGinity, JJ., concur.