■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JACK CIPOLLA, Appellant. [641 NYS2d 66] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award and to set the matter down for a trial de novo, Jack Cipolla appeals from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.) dated January 27, 1995, which granted the petition and denied the cross application to confirm the award.

Ordered that the judgment is affirmed, with costs.

The appellant, Jack Cipolla, was allegedly seriously injured in an automobile accident on May 27, 1991, while he was operating a vehicle in the course of his employment with the New York City Police Department. Cipolla's insurance policy contained a supplementary uninsured motorist provision, which provided coverage of up to $100,000 per person for bodily injury. This provision provided for arbitration of disputes pertaining to the uninsured motorist provision. The arbitration was to be binding when the award did not exceed the $10,000 limit set forth in Insurance Law § 3420 (f) (2). However,

should the award exceed that amount, either party had the right to seek a trial de novo, regardless of the method of arbitration.

Following an arbitration between the carrier and the appellant in August 1994, the arbitrator awarded the appellant $100,000, following which the carrier commenced this proceeding, *inter alia,* for a trial de novo. The respondent cross-moved for an order confirming the arbitrator's award. The Supreme Court granted the petition and denied the cross motion. We now affirm.

The uninsured motorist provision of the insurance carrier's policy clearly permitted both parties the opportunity to seek a trial de novo when the arbitrator's award exceeded the limits of the uninsured motorist coverage required by Insurance Law § 3420 (f) (1). The policy provision is consistent with the Insurance Law and relevant public policy, as is evidenced in part by the approval of the policy provision by the New York State Superintendent of Insurance (*see, Allstate Ins. Co. v Jacobs,* 208 AD2d 578).

Furthermore, the provision for a trial de novo in limited circumstances is not unconscionable. The provision in question does not benefit only the insurance carrier. The fact that the provision happens to benefit the carrier in this particular instance is not a ground for this Court to set aside the contract provision as unconscionable (*Allstate Ins. Co. v Jacobs, supra; Allstate Ins. Co. v Purdy,* 159 Misc 2d 783). Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.