■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v JUDITH A. HENDRICKS, Respondent. [641 NYS2d 79] —In a proceeding, *inter alia,* to vacate an arbitration award and to schedule the matter for a trial *de novo,* the petitioner appeals (1) from an order of the Supreme Court, Richmond County (Amann, J.), dated January 26, 1995, which denied the petition and granted the respondent's cross petition to confirm the award, (2) from a judgment of the same court, dated February 14, 1995, entered upon the order, which is in favor of the respondent and against the petitioner in the principle sum of $100,000, and (3), as limited by its brief, from so much of an order of the same court, dated March 23, 1995, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 26, 1995, is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed as that judgment was superseded by the order dated March 23, 1995; and it is further,

Ordered that the order dated March 23, 1995, is reversed insofar as appealed from, on the law, the order dated January 26, 1995, and the judgment are vacated, the petition is granted, and the cross petition is denied; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order dated January 26, 1995, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order dated January 26, 1995, are brought up for review and have been considered on the appeal from the order dated March 23, 1995, which superseded the judgment (*see,* CPLR 5501 [a] [1]).

In March 1992, the respondent, Judith Hendricks, allegedly was involved in an automobile accident wherein she was injured. Asserting that the payment she received from the insurance carrier for the other vehicle involved in the accident was insufficient to fully compensate her for her injuries, the respondent sought underinsured motorist benefits from her own insurance carrier, Allstate Insurance Company (hereinafter Allstate). After an arbitration was conducted pursuant to the terms of her policy, the respondent was awarded $100,000. However, when she demanded payment, Allstate commenced this proceeding to vacate the award and for a trial *de novo.* The Supreme Court denied Allstate's petition and we reverse.

Pursuant to the terms of the insurance policy, either party had the right to a trial *de novo* of any arbitration award that exceeded the limits of required coverage for underinsured motorist benefits set forth under Insurance Law § 3420 (f). Since the arbitration award in this case exceeded the stated limits, the court erred when it denied Allstate's petition to vacate the award and to schedule the matter for a trial *de novo*. Contrary to the respondent's assertions on appeal, a provision permitting a trial *de novo* after arbitration is neither void as against public policy nor unenforceable (*see, Nationwide Mut. Ins. Co. v Fennimore,* 224 AD2d 402; *Aetna Cas. & Sur. Co. v Placek,* 218 AD2d 721; *Allstate Ins. Co. v Jacobs,* 208 AD2d 578). Further, because arbitration proceeded pursuant to the terms of the policy, Allstate did not waive its right to a trial *de novo* pursuant to the policy (*see, Nationwide Mut. Ins. Co. v Fennimore, supra; cf., Matter of Eckart v Aetna Cas. & Sur. Co.,* 208 AD2d 533; *Matter of General Acc. Ins. Co. [Giacomazzo],* 204 AD2d 236).

We have considered the respondent's remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.