■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ROBERT BALSAMELLO, Respondent. [643 NYS2d 388] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award and set the matter down for a trial de novo, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), dated July 27, 1995, which, *inter alia,* upon granting the respondent's cross petition to confirm the award, confirmed the award and denied the petition.

■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v BARBARA BALSAMELLO, Respondent. [643 NYS2d 184] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award and set the matter down for a trial de novo, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), dated July 27, 1995, which, *inter alia,* upon granting the respondent's cross petition to confirm the award, confirmed the award and denied the petition.

Ordered that the order and judgment is reversed, on the law, with costs, the cross petition is denied, the petition is granted, and the arbitration award is vacated.

The respondent was allegedly seriously injured in an automobile accident on February 10, 1992. The respondent's insurance policy contained a supplementary uninsured motorist provision, which provided coverage up to $100,000 per person for bodily injury. This provision provided for arbitration of disputes pertaining to the uninsured motorist provision. The arbitration was to be binding when the award did not exceed the $10,000 limit set forth in Insurance Law § 3420 (f) (2). However, in the case before us, the policy expressly provided that if the award exceeded that amount, either party had the right to seek a trial de novo, regardless of the method of arbitration.

Following an arbitration between the appellant and the respondent in September 1994 the arbitrator awarded the respondent $65,000. The appellant then commenced this proceeding, *inter alia,* for a trial de novo. The respondent cross-petitioned, *inter alia,* to confirm the arbitrator's award. The Supreme Court denied the petition and granted the cross petition. We now reverse.

The uninsured motorist provision of the appellant's policy clearly permitted both parties the opportunity to seek a trial de novo when the arbitrator's award exceeded the limits of the uninsured motorist coverage required by Insurance Law § 3420 (f) (1). The policy provision is consistent with the Insurance Law and relevant public policy, as is evidenced in part by the approval of the policy provision by the New York State Superintendent of Insurance (*see, Allstate Ins. Co. v Jacobs,* 208 AD2d 578).

Furthermore, the provision for a trial de novo in limited circumstances is not unconscionable. The provision in question does not benefit only the appellant. The fact that the provision happens to benefit the appellant in this particular instance is not a ground for this Court to set aside the contract provision as unconscionable (*see, Allstate Ins. Co. v Jacobs, supra; Allstate Ins. Co. v Purdy,* 159 Misc 2d 783). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.