In the Matter of CHRISTOPHER IZZO, Appellant, v ALL-STATE INSURANCE COMPANY, Respondent. [643 NYS2d 642]

The petitioner was injured in a motor vehicle accident. He

claimed underinsured motorist benefits from the respondent Allstate Insurance Company (hereinafter Allstate). After arbitration of his claim before the American Arbitration Association, the petitioner was awarded $60,000. Pursuant to the terms of the petitioner's policy, each party had the right to a trial *de novo* if the arbitration award, as here, exceeded certain stated limits (*see,* Insurance Law § 3420 [f] [2]). Such a trial *de novo* provision has been held to be valid and enforceable (*see, Nationwide Mut. Ins. Co. v Fennimore,* 224 AD2d 402; *Aetna Cas. & Sur. Co. v Placek,* 218 AD2d 721; *Allstate Ins. Co. v Jacobs,* 208 AD2d 578). Thus, the Supreme Court did not err when it vacated the arbitration award and granted Allstate a trial *de novo.* Contrary to the petitioner's assertions on appeal, the arbitration proceeded pursuant to the terms of the policy. Accordingly, Allstate did not waive or otherwise fail to invoke its right to a trial *de novo* (*see, e.g., Matter of Eckart v Aetna Cas. & Sur. Co.,* 208 AD2d 533; *Matter of General Acc. Ins. Co. [Giacomazzo],* 204 AD2d 236). Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.