■ In the Matter of PETER McPOLIN, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. (Proceeding No. 1.) In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v PETER McPOLIN, Respondent. (Proceeding No. 2.) [644 NYS2d 759]

Peter McPolin was allegedly seriously injured in an automobile accident on February 5, 1991, when his vehicle was struck

by an uninsured motor vehicle. McPolin's insurance policy contained a supplementary uninsured motorist provision, which provided coverage of up to $100,000 per person for bodily injury. This provision provided for arbitration of disputes pertaining to the uninsured motorist coverage. The arbitration was to be binding when the award did not exceed the $10,000 limit set forth in Insurance Law § 3420 (f) (2). However, should the award exceed that amount, either party had the right to seek a trial de novo, regardless of the method of arbitration used by the parties.

Following an arbitration between the carrier and McPolin, the arbitrator awarded McPolin the sum of $60,000. McPolin then instituted Proceeding No. 1 to confirm the award. The carrier commenced Proceeding No. 2 to vacate the award and sought a trial de novo. The Supreme Court consolidated the proceedings, granted the petition in Proceeding No. 1 and denied the petition in Proceeding No. 2. We now reverse.

The uninsured motorist coverage in the carrier's policy clearly gave both parties the opportunity to seek a trial de novo when the arbitrator's award exceeded the limits of the uninsured motorist coverage required by Insurance Law § 3420 (f) (1). This policy provision is consistent with the Insurance Law and relevant public policy, as is evidenced in part by the approval of the policy provision by the New York State Superintendent of Insurance (see, Allstate Ins. Co. v Jacobs, 208 AD2d 578).

We further note that in proceeding to arbitration in accordance with the rules of the American Arbitration Association, the parties were following the arbitration procedures set forth in the policy provisions (cf., Matter of Eckart v Aetna Cas. & Surety Co., 208 AD2d 533). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.