■ ALLSTATE INSURANCE COMPANY, Appellant, v RACHELLE COHEN et al., Respondents. [653 NYS2d 139] —In an action to enforce a contractual right to a trial de novo, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), entered March 5, 1996, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff had waived its right to a trial de novo.

Ordered that the order is reversed, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff waived its right to a trial de novo is denied, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether the defendants were properly served in accordance with CPLR 308 (4) and a determination of that branch of the defendants' motion which was for summary judgment dismissing the complaint for lack of personal jurisdiction, and if necessary, a determination of that branch of the

defendants' motion which sought a change of venue to Kings County.

After arbitration of the defendants' underinsured motorist claims before the American Arbitration Association (hereinafter AAA), the defendants were awarded damages which exceeded the financial responsibility limits required by New York law. The plaintiff then commenced this action for a trial de novo. The defendants subsequently moved for summary judgment dismissing the complaint for lack of personal jurisdiction, contending that they were not properly served with the summons and complaint. Alternatively, they sought summary judgment on the ground that the plaintiff had waived its right to a trial de novo. The defendants also moved for a change of venue to Kings County if those branches of their motion for summary judgment were denied. The Supreme Court failed to address the threshold issue of personal jurisdiction, but concluded that the plaintiff had waived its right to a trial de novo and granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on that ground. We reverse.

Pursuant to the underinsured motorist provisions of the policy, either party had the right to a trial de novo if the arbitration award exceeded the financial responsibility limits required by law. The parties proceeded in accordance with the terms of the policy which provided for arbitration before the AAA. Accordingly, the plaintiff did not waive its right to a trial de novo (see, Matter of McPolin v Allstate Ins. Co., 228 AD2d 602; Matter of Izzo v Allstate Ins. Co., 228 AD2d 441; Matter of Allstate Ins. Co. v Hendricks, 226 AD2d 527).

The papers submitted with respect to the issue of jurisdiction raise factual questions as to whether the defendants were properly served in accordance with the requirements of CPLR 308 (4). Consequently, we remit the matter for a hearing to determine whether the defendants were properly served in accordance with CPLR 308 (4) and a determination of that branch of the defendants' motion which was for summary judgment dismissing the complaint for lack of personal jurisdiction, and if necessary, a determination of that branch of the defendants' motion which sought a change of venue to Kings County. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.