SECOND DEPARTMENT, MAY, 1999

(May 3, 1999)

■ ALLSTATE INSURANCE COMPANY, Respondent, v ROBERT DEFELIPPIS et al., Appellants. [689 NYS2d 182] —In an action to enforce a contractual right to a trial de novo, the defendants appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated April 9, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants, Robert DeFelippis and Ralph DeFelippis, were injured in an automobile accident in November 1993, and were granted arbitration awards in the amounts of $17,500 and $75,000, respectively. Thereafter the plaintiff commenced this action to enforce its contractual right to a trial de novo.

The defendants moved for summary judgment on the ground that the plaintiff waived its right to a trial de novo.

Pursuant to the underinsured motorist provisions of the policy, either party had the right to a trial de novo if the arbitration award exceeded the financial responsibility limits required by New York State law. The parties proceeded in accordance with the terms of the policy which provided for arbitration before the American Arbitration Association. Accordingly, the plaintiff did not waive its right to a trial de novo (see, Allstate Ins. Co. v Cohen, 236 AD2d 344; Matter of McPolin v Allstate Ins. Co., 228 AD2d 602; Matter of Izzo v Allstate Ins. Co., 228 AD2d 441; Matter of Allstate Ins. Co. v Hendricks, 226 AD2d 527).

We decline to reach the defendants' remaining contentions which are raised for the first time on appeal (see, Shelton v Shelton, 151 AD2d 659). Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.