■ ELLEN H. DERMIGNY, Appellant, v ROBERT F. HARPER, Respondent. [4 NYS3d 551]—

In an action seeking a trial de novo on issues previously submitted for arbitration, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered November 30, 2009, which granted those branches of the defendant's motion which were to dismiss the complaint and confirm the arbitration award, and denied her cross motion to vacate the arbitration award.

Ordered that the order is affirmed, with costs.

The Supreme Court properly concluded that the plaintiff could not seek de novo review on the merits of an attorney and client fee dispute that was previously submitted for arbitration. Under the terms of the parties' retainer agreement, which was entered into on June 14, 1999, and the Rules of the Chief Administrator of the Courts applicable thereto, if the plaintiff elected to resolve the fee dispute by arbitration, the arbitration would be binding upon both attorney and client (*see* 22 NYCRR 136.2) and reviewable pursuant to CPLR article 75 (*see* 22 NYCRR 136.8). Contrary to the plaintiff's contention, 22 NYCRR part 137, which applies to agreements in which representation commenced on or after January 1, 2002 (*see* 22 NYCRR 137.1 [a]), does not apply to the fee dispute at issue. Furthermore, nothing in the record supports the plaintiff's

contention that the parties modified the retainer agreement (*cf. Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007]; *Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272 [1985]; *Fein v General Elec. Co.*, 40 AD3d 807, 808 [2007]), or elected to proceed to arbitration in a manner that was inconsistent with the retainer agreement or 22 NYCRR part 136 (*cf. Pennsylvania Gen. Ins. Co. v Mortenson*, 250 AD2d 745, 746 [1998]; *Matter of Izzo v Allstate Ins. Co.*, 228 AD2d 441, 442 [1996]; *Nationwide Mut. Ins. Co. v Fennimore*, 224 AD2d 402 [1996]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint.

The Supreme Court also properly denied the plaintiff's cross motion to vacate the arbitration award (*see* CPLR 7511) and granted that branch of the defendant's motion which was to confirm the award (*see* CPLR 7510). Contrary to her contention on appeal, the plaintiff failed to demonstrate that the arbitrators exceeded their power or so imperfectly executed it that a final and definite award upon the submitted matter was not made (*see* CPLR 7511 [b] [1] [iii]). Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.