Foley v Foley (2021 NY Slip Op 00421)





Foley v Foley


2021 NY Slip Op 00421


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2018-14501
 (Index No. 12817/11)

[*1]Teresa Foley, appellant-respondent,
v
Benjamin Foley, etc., et al., respondents-appellants.


Lenihan & Associates, LLC, White Plains, NY (James Michael Lenihan of counsel), for appellant-respondent.
Benjamin Foley (Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY [Joel M. Simon], of counsel), respondent-appellant pro se and for respondents-appellants John Andrew Foley and Estate of Michael Foley.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated August 23, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to reject so much of a referee's report and recommendation as recommended denying the plaintiff's motion, inter alia, to enforce a stipulation of settlement, and confirmed that portion of the report and recommendation.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was to reject so much of a referee's report and recommendation as recommended denying the plaintiff's motion, inter alia, to enforce a stipulation of settlement is granted, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this matrimonial action, the plaintiff and the defendant John Andrew Foley, the guardian for the plaintiff's former husband, entered into a stipulation of settlement dated October 7, 2013, which, among other things, provided that the husband would pay to the plaintiff $600,000 as a distributive award, $75,000 of which was to be paid within 30 days, and $525,000 of which was to be paid by December 31, 2013. The stipulation of settlement was incorporated, but not merged, into a judgment of divorce dated January 9, 2014. The husband died in April 2014, and John Andrew Foley and the defendant Benjamin Foley were named co-executors of the estate.
In July 2015, the plaintiff made a post-judgment motion, inter alia, to substitute the husband's estate and co-executors John Andrew Foley and Benjamin Foley as defendants for the purpose of enforcing the stipulation of settlement, contending that the $525,000 distributive award balance was never paid. In an order dated October 28, 2015, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was to amend the caption and to substitute the estate and the co-executors as defendants. That portion of the order was affirmed by this Court (see Foley v Foley, 151 AD3d 1018).
Subsequently, the plaintiff moved, inter alia, for an order enforcing the stipulation of settlement and directing the defendants to pay the outstanding balance of $525,000, plus interest, as well as certain incidental and consequential damages (hereinafter the underlying motion). A Special Referee assigned to hear and report on the matter recommended, among other things, that the underlying motion be denied on the basis that the prior order dated October 28, 2015, had already denied the plaintiff's request for identical relief and was law of the case. The Supreme Court subsequently denied that branch of a motion by the plaintiff which was to reject that part of the referee's report and recommendation, and instead, inter alia, confirmed that part of the report and recommendation. The plaintiff appeals, and we reverse insofar as appealed from.
The doctrine of law of the case "'applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case'" (Fidler v Gordon-Herricks Corp., 173 AD3d 840, 841, quoting Mosby v Parilla, 140 AD3d 1129, 1130-1131 [internal quotation marks omitted]). Here, the doctrine is inapplicable, because the order dated October 28, 2015, did not determine the merits of that branch of the plaintiff's underlying motion which sought enforcement of the stipulation of settlement (see Cohen v Cohen, 179 AD3d 1012, 1014; Fidler v Gordon-Herricks Corp., 173 AD3d at 841). In any event, this Court is not bound by the doctrine of law of the case as established by the Supreme Court and may make its own determination (see Martin v City of Cohoes, 37 NY2d 162; Ramanathan v Aharon, 109 AD3d 529, 531).
Accordingly, we reverse the order insofar as appealed from, grant that branch of the plaintiff's motion which was to reject the referee's recommendation that the plaintiff's underlying motion be denied, and remit the matter to the Supreme Court, Westchester County, for a determination on the merits of the plaintiff's underlying motion.
MASTRO, A.P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court