Emigrant Bank v Nicolaou (2021 NY Slip Op 05544)





Emigrant Bank v Nicolaou


2021 NY Slip Op 05544


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-12673
 (Index No. 2288/13)

[*1]Emigrant Bank, etc., respondent,
v
Sotiris Nicolaou, appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City, NY (Ronald P. Labeck of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sotiris Nicolaou appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 27, 2017. The order and judgment of foreclosure and sale, upon an order of the same court entered July 29, 2014, granting the plaintiff's motion for summary judgment on the complaint and for an order of reference, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on residential property located in Uniondale. In an order entered July 29, 2014, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint and for an order of reference. The plaintiff thereafter moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. In opposition, the defendant Sotiris Nicolaou (hereinafter the defendant) argued, inter alia, that the underlying loan constituted a "high-cost home loan" within the meaning of Banking Law § 6-l(1)(g)(i) because its interest rate exceeded the annual percentage rate (hereinafter APR) threshold set forth in that statute. The defendant further contended that the loan was unenforceable because it failed to comply with the requirements of Banking Law § 6-l applicable to high-cost home loans. An order and judgment of foreclosure and sale was entered on July 27, 2017, granting the plaintiff's motion and directing the sale of the property. The defendant appeals.
Preliminarily, notwithstanding the doctrine of law of the case, this Court may address the merits of the defendant's challenge to the terms of the loan as violative of Banking Law § 6-l since this Court is not bound by the doctrine of law of the case as established by the Supreme Court and may make its own determination of the issue (see Martin v City of Cohoes, 37 NY2d at 162, 165; Foley v Foley, 190 AD3d 953, 955; Ahmed v Carrington Mtge. Servs., LLC, 189 AD3d 960, 962).
Contrary to the defendant's contention, the underlying loan did not constitute a high-cost home loan within the meaning of Banking Law § 6-l(1)(g)(i). A high-cost home loan is defined as "a home loan in which the terms of the loan exceed one or more of the thresholds as defined in paragraph (g) of this subdivision" (id. § 6-l[1][d]). While the defendant contended only that the interest rate on the loan exceeded the APR threshold set forth in the statute, the Truth-in-Lending Disclosure statement provided to the defendant at the closing established that the loan did not exceed the APR threshold (see id. § 6-l[1][g][i]).
Accordingly, the defendant failed to establish that the loan constituted a high-cost home loan which failed to comply with the requirements of Banking Law § 6-l, and we affirm the order and judgment of foreclosure and sale.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court