Vehifax Corp. v Georgilis (2022 NY Slip Op 03273)





Vehifax Corp. v Georgilis


2022 NY Slip Op 03273


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2017-08622
 (Index No. 6216/12)

[*1]Vehifax Corp., respondent, 
v
Steven Georgilis, appellant, et al., defendants.


Steven Georgilis, Astoria, NY, appellant pro se.
Richard A. Kraslow, P.C., Melville, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease agreement, the defendant Steven Georgilis appeals from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated July 31, 2017. The order, insofar as appealed from, denied that defendant's motion to vacate a judgment entered December 17, 2013, in favor of the plaintiff and against him in the sum of $57,723, and to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Vehifax Corp. (hereinafter Vehifax) commenced this action (hereinafter the Supreme Court action), inter alia, to recover damages for breach of a commercial lease agreement against the defendant Steven Georgilis (hereinafter the defendant), among others, by summons and verified complaint dated February 20, 2012. The complaint alleged that on July 7, 2010, Vehifax and Tires R Us, Ltd. (hereinafter Tires R Us), entered into a commercial lease agreement, whereby Vehifax leased four vehicles to Tires R Us. The defendant personally guaranteed the payment obligations of Tires R Us. Tires R Us allegedly defaulted on the commercial lease agreement by failing to make the payment due on October 15, 2011, and the payments due thereafter. As a result of the default, Vehifax sought the sum of $36,195 from the defendant. The defendant interposed a verified answer dated April 4, 2012.
Tires R Us filed a voluntary petition for relief in accordance with 1978 Bankruptcy Code (11 USC) Chapter 11 on or about December 13, 2011, in the United States Bankruptcy Court for the Eastern District of New York (hereinafter the Bankruptcy Court). On January 23, 2013, Tires R Us, Vehifax, and the defendant, among others, entered into a stipulation which provided, inter alia, that Tires R Us and the defendant, among others, would return one of the vehicles to Vehifax, and that Tires R Us and the defendant, among others, would waive any claims to the insurance proceeds and any rights to the remaining vehicles. Vehifax agreed to discontinue the Supreme Court action conditioned upon the defendant's compliance with those conditions.
On October 31, 2013, the Supreme Court awarded a judgment in favor of Vehifax and against the defendant in the sum of $57,723. The judgment was entered on December 17, 2013.
The defendant thereafter moved to dismiss the Supreme Court action and impose [*2]sanctions on Vehifax and its counsel. By order dated August 29, 2014, the Supreme Court denied the defendant's motion, noting that the record reflected that no portion of the $57,723 judgment had been paid, and that the defendant's moving papers demonstrated no basis for dismissal of the Supreme Court action or the imposition of sanctions.
In January 2015, the defendant filed a Notice of Removal in Bankruptcy Court, stating that the Supreme Court action involved a dispute concerning the bankruptcy stipulation, and that the bankruptcy stipulation vested exclusive jurisdiction to hear such disputes in Bankruptcy Court. On May 19, 2015, the defendant filed a motion in Bankruptcy Court for an order holding Vehifax in civil contempt for violating the bankruptcy stipulation; imposing sanctions, damages, and attorney's fees against Vehifax; staying all actions by Vehifax against the defendant in Supreme Court; preventing Vehifax from enforcing the judgment entered December 17, 2013; and directing the Supreme Court to vacate the December 17, 2013 judgment and to dismiss the Supreme Court action with prejudice. By order dated June 17, 2016, the Bankruptcy Court denied the defendant's motion. With respect to those branches of the defendant's motion which were to vacate the December 17, 2013 judgment and to dismiss the Supreme Court action, the Bankruptcy Court determined that it was not vested with jurisdiction to review a decision of the New York State Supreme Court, or to dismiss an action pending in that court.
By order to show cause dated May 4, 2017, the defendant moved, in the Supreme Court action, to vacate the December 17, 2013 judgment and to dismiss the Supreme Court action insofar as asserted against him. By order dated July 31, 2017, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
"The doctrine of law of the case applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case" (Foley v Foley, 190 AD3d 953, 954-955 [internal quotation marks omitted]; see Fidler v Gordon-Herricks Corp., 173 AD3d 840, 841). The doctrine "forecloses reexamination of [an issue already determined in a court of co-ordinate jurisdiction] absent a showing of newly discovered evidence or a change in the law" (Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 116 AD3d 667, 669; see Noghrey v Town of Brookhaven, 21 AD3d 1016, 1019).
Here, the doctrine of law of the case is inapplicable, because the Supreme Court's order dated August 29, 2014, did not necessarily resolve the issues raised in the defendant's May 4, 2017 motion on the merits (see Foley v Foley, 190 AD3d at 953; Fidler v Gordon-Herricks Corp., 173 AD3d at 841; Macchio v Michaels Elect. Supply Corp., 149 AD3d 716, 720), and the Bankruptcy Court's order dated June 17, 2016, denied those branches of the defendant's motion which were to vacate the December 17, 2013 judgment and to dismiss the Supreme Court action on jurisdictional grounds (see Allstate Ins. Co. v Edery, 225 AD2d 571, 572). In any event, this Court is not bound by the doctrine of law of the case and may make its own determination (see Foley v Foley, 190 AD3d at 953; Fidler v Gordon-Herricks Corp., 173 AD3d at 841).
"'Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action'" (Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956, 959, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347; see Simmons v Trans Express Inc., 37 NY3d 107, 111). "[T]he doctrine of res judicata may be invoked where there is either a final judgment in an action between the parties, or a stipulation of settlement withdrawing a complaint or cause of action with prejudice" (Farren v Lisogorsky, 87 AD3d 713, 714).
Contrary to the defendant's contention, the instant action is not barred by the doctrine of res judicata. The bankruptcy stipulation did not constitute a final judgment or a stipulation of discontinuance with prejudice, and thus, is not entitled to res judicata effect in this action (see Clerico v Pollack, 148 AD3d 769, 771; 99 Cents Concepts, Inc. v Queens Broadway, LLC, 70 AD3d 656, 658).
Accordingly, the Supreme Court properly denied the defendant's motion to vacate [*3]the December 17, 2013 judgment and to dismiss the complaint insofar as asserted against him.
The defendant's remaining contentions are improperly raised for the first time on appeal.
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court